

## NUMBER 13-07-537-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

CHRISTI BAY TEMPLE,                                                    Appellant,

v.

GUIDEONE SPECIALTY MUTUAL
INSURANCE COMPANY, ET AL.,                                          Appellees.

On appeal from the 28th District Court of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Yañez**

Appellant, Christi Bay Temple ("the church"), appeals the trial court's order

dismissing for want of prosecution its suit against appellees, Guideone Specialty Mutual

Insurance Company, Texas Windstorm Insurance Association, Quantum Claim Service,

L.L.C., Crawford Claim Services, Guideone Lloyds Insurance Company, Guideone Mutual

Insurance Company, Guideone Elite Insurance Company, and Guideone Lloyds of Texas, Inc. (collectively "Guideone"). By three issues, the church contends the trial court abused its discretion in (1) granting Guideone's plea in abatement and (2) granting its motion to dismiss. It also contends the trial court fundamentally erred by signing the motion to dismiss for want of prosecution. We modify the trial court's judgment and affirm as modified.

## I. Background

The underlying claims in this case—an insurance dispute concerning alleged damages to church property—are not at issue in this appeal. On July 12, 2004, the church sued Guideone, alleging various causes of action. Almost a year later, on May 27, 2005, the trial court held a hearing to determine whether the case should be dismissed for want of prosecution. The church's counsel requested that the case be retained and promised to request a docket control conference.

On October 13, 2005, Guideone submitted discovery requests to the church, including a request for a copy of the deed to the church property. Although the church did not produce a copy of the deed, it promised to do so at a later time. On June 22, 2006, the trial court set a trial date for February 26, 2007. By letters dated October 16, 2006 and February 2, 2007, Guideone's counsel again requested a copy of the title deed to the subject property.

On February 14, 2007, Guideone filed its third amended answer and a plea in abatement, in which it argued, among other things, that the church lacked capacity to bring

2

suit because it is a non-profit corporation that forfeited its corporate charter in 1983.[1]

Guideone attached documents obtained from the Secretary of State's Office reflecting that

"Christi Bay Temple of Corpus Christi, Texas" filed as a non-profit corporation in 1980 and

forfeited its corporate charter in 1983 for failure to comply with franchise-tax-filing

requirements. The church filed a response to the plea in abatement, arguing that

Guideone waived its plea by waiting to file it more than two years after suit was filed.

The trial court heard argument on Guideone's plea in abatement at a final pretrial

hearing on February 16, 2007. At the hearing, the church's counsel argued that

Guideone's plea in abatement was "a bad faith 11th hour attempt to avoid liability" and was

therefore waived. Guideone's counsel argued that the church's waiver argument was

unpersuasive because the church had delayed in producing a copy of the title deed for a

year and a half. The church's counsel appeared to concede that the church had forfeited

its corporate charter by stating, "I believe the reason why the charter was forfeited in 1983

is because [the church] became affiliated under the Pentecostal Church of God . . . ." He

also stated that "if it turns out that [the church] need[s] to reestablish their corporate charter

just to go forward with trial, that's something that . . . can easily be done."

By order dated the same day as the hearing, the trial court granted Guideone's plea

in abatement. The order states that the church forfeited its corporate charter in 1983, and

orders the cause "abated until such time as Plaintiff demonstrates that it had cured the

incapacity referenced herein."

---

[1] *See* TEX. TAX CODE ANN. §§ 171.251, 171.252 (Vernon 2008) (providing, respectively, for forfeiture of corporate privileges for failure to pay corporate franchise taxes and that such forfeiture deprives a corporation of the right to sue or defend in Texas courts).

3

On February 21, 2007, the church filed a motion to reconsider the ruling on Guideone's plea in abatement. The church argued that this issue of its forfeiture was "moot" because the named insured on the insurance policy was "Christi Bay Temple," not "Christy Bay Temple, Inc." Following a hearing on February 23, 2007, the trial court denied the church's motion.

On April 23, 2007, the church filed a motion to lift the abatement, in which it asserted that it was "incorrect" that it was a "defunct corporation," and that it had "never been a corporation." On May 10, 2007, Guideone filed a combined response to the church's motion to lift the abatement and motion to dismiss for want of prosecution. Guideone noted that the church continued to make the same argument that had already been rejected by the trial court—that it had not ever been a corporation. Guideone argued that the case should be dismissed for want of prosecution under the trial court's inherent power because: (1) the case had been pending for three years and survived a dismissal docket hearing in 2005; (2) although the trial court had made it clear that the church could not continue its suit unless and until it cured its charter forfeiture, it had not done so; and (3) the church ignores the documentary evidence which contradicts its assertion that it is not a corporation. On May 14, 2007, the church filed a response to Guideone's motion to dismiss, in which it characterized Guideone's motion as "another in a long line of dilatory tactics." On July 23, 2007, Guideone filed a reply to the church's response, in which it argued that five months had elapsed since the church was given an opportunity to reinstate its corporate charter, but it had not done so. Following a hearing on July 26,

4

2007,[2] the trial court granted Guideone's motion to dismiss for want of prosecution on July 31, 2007.  The record does not reflect that the church filed a motion to reinstate.

## II.  Standard of Review and Applicable Law

We review a dismissal for want of prosecution under an abuse of discretion standard.[3]  The trial court abuses its discretion when it acts without reference to any guiding rules or principles.[4]

A trial court may dismiss a case for want of prosecution under rule 165a for (1) failure to appear or (2) failure to comply with the supreme court time standards.[5]  In addition, a trial court may dismiss a case for want of prosecution under its inherent power to control its docket if the case has not been prosecuted with diligence.[6]  When deciding whether to dismiss a case for want of prosecution, the trial court may consider the entire history of the case, including the amount of activity in the case, the length of time the case

---

[2] The record does not include a transcription of the July 26, 2007 hearing.  The order states, however, that on July 26, 2007, "[t]he parties appeared by and through their respective attorneys of record."  The docket sheet also reflects that the hearing took place on July 26, 2007.  We also note that the record is silent as to whether the required notice of the dismissal hearing was sent.  *See Villarreal v. San Antonio Trucking & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999) (holding that "[t]he failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal.").  However, "mere silence as to whether notice was sent does not establish that notice was not sent or that it was sent to the wrong address." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 850 (Tex. 2004).  Moreover, the church does not complain that it did not receive adequate notice.

[3] *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *In re R.C.R.*, 230 S.W.3d 423, 426 (Tex. App.–Fort Worth 2007, no pet.);  *WMC Mortgage Corp. v. Starkey*, 200 S.W.3d 749, 752 (Tex. App.–Dallas 2006, pet. denied).

[4] *MacGregor*, 941 S.W.2d at 75; *WMC Mortgage Corp.*, 200 S.W.3d at 752 (citing *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex. App.–Houston [14th Dist.] 1999, no pet.)).

[5] *See* TEX. R. CIV. P. 165a(1), (2).

[6] *WMC Mortgage Corp.*, 200 S.W.3d at 752.

5

was on file, requests for a trial date, and the existence of reasonable excuses for delay.[7]

No single factor is dispositive.[8] The central question is whether appellants exercised due

diligence in prosecuting the case.[9] When called upon to determine whether or not the trial

court committed a clear abuse of discretion, we must look at the record in its entirety.[10]

If, as here, the trial court's order dismissing a case for want of prosecution does not

specify a particular reason for the dismissal, the appellate court will affirm if any proper

ground supports the dismissal.[11] The party that complains of abuse of discretion has the

burden to produce a record showing such abuse.[12] The burden of proof for abuse of

discretion rests with the complaining party because of the presumption that the trial court's

action was justified.[13]

A court's decision whether to grant a motion to abate is also subject to review for

abuse of discretion.[14] A trial court abuses its discretion when it acts in an unreasonable

and arbitrary manner, or without reference to any guiding rules or principles.[15] We may not

---

[7] *Id.*; *see Bilnoski v. Pizza Inn, Inc.* 858 S.W.2d 55, 58 (Tex. App.–Houston [14th Dist.] 1993, no writ) (citing *City of Houston v. Thomas*, 838 S.W.2d 296, 297 (Tex. App.–Houston [1st Dist.] 1992, no writ)).

[8] *City of Houston*, 838 S.W.2d at 297.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex. 1987).

[13] *See Manning v. North*, 82 S.W.3d 706, 709 (Tex. App.–Amarillo 2002, no pet.).

[14] *Lopez v. Tex. Worker's Comp. Ins. Fund*, 11 S.W.3d 490, 493 (Tex. App.–Austin 2000, pet. denied).

[15] *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)).

reverse for abuse of discretion merely because we disagree with the decision of the court.[16]

Generally, a defendant uses a plea in abatement to challenge the plaintiff's pleadings by asserting that facts outside the pleadings prevent the suit from going forward in its present condition.[17] In the plea, the defendant must identify some impediment to the continuation of the suit, identify an effective cure, and must ask the court to abate the suit until the plaintiff corrects the defect.[18] By granting the plea, the trial court gives the plaintiff an opportunity to cure the defect.[19] If the plaintiff fails to cure the defect, the trial court will dismiss the suit without prejudice.[20] The use of a plea in abatement to finally dispose of litigation is not to be encouraged.[21] Accordingly, a court should not dismiss a lawsuit immediately after granting a plea in abatement without giving the plaintiff an opportunity to amend the attacked pleadings.[22]

A plea in abatement must be raised in a timely manner or it is waived.[23] Generally, a court may examine the equities of the situation in deciding whether a plea in abatement

---

[16] *Id.* (citing *Downer*, 701 S.W.2d at 242).

[17] *Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 354 (Tex. App.–San Antonio 1999, pet. denied).

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Lopez*, 11 S.W.3d at 493 (citing *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988)).

is timely filed.[24]

### III. Discussion

### A. Motion to Abate

By its first issue, the church contends that the trial court abused its discretion in granting the plea in abatement because Guideone: (1) waived its plea in abatement by failing to raise it in a timely manner; and (2) failed to present evidence establishing its entitlement to a plea in abatement.

In support of its waiver argument, the church cites *Bluebonnet Farms, Inc. v. Gibraltar Sav. Ass'n.,*[25] and argues it is "factually similar." We disagree. In *Gibraltar*, the court held that a defendant's plea that the plaintiff lacked capacity to sue was waived when (1) the plea was not filed until four years after the suit was instituted, (2) it was too late for the plaintiff to correct the defect, and (3) the defendant's only explanation for the delay was to ensure that the plaintiff could not correct the defect before limitations ran.[26] Here, Guideone presented evidence that despite Guideone's repeated requests that the church produce a copy of the title deed, the church delayed in doing so for sixteen months. The church also cites *Lopez v. Tex. Worker's Comp. Ins. Fund* in support of its waiver argument.[27] In *Lopez*, however, the court rejected Lopez's claim that the trial court should have granted his motion to abate, in part, because he failed to request a hearing on his

---

[24] *In re Louisiana-Pacific Corp.*, 112 S.W.3d 185, 189 (Tex. App.–Beaumont 2003, orig. proceeding).

[25] *Bluebonnet Farms, Inc. v. Gibraltar Sav. Ass'n*, 618 S.W.2d 81, 83 (Tex. App.–Houston [1st Dist.] 1980, writ ref'd n.r.e.).

[26] *See id.* at 84.

[27] *See Lopez*, 11 S.W.3d at 493.

motion, no hearing was held, and the trial court did not expressly rule on the motion.[28] We find the church's reliance on *Gibraltar* and *Lopez* to be misplaced. We hold that, considering the equities of the situation, the trial court did not abuse its discretion in rejecting the church's argument that Guideone waived its plea in abatement.

We are also unpersuaded by the church's argument that Guideone failed to present evidence in support of its motion to abate. According to the church, Guideone "simply has no evidence . . . that an entity named Christi Bay Temple of Corpus Christi, Texas, a non-profit corporation which ceased to exist in 1983, ever owned the church property at issue in this case." We disagree. Guideone presented evidence establishing that "Christi Bay Temple of Corpus Christi, Texas" is a non-profit corporation that forfeited its charter in 1983. As noted, the trial court's order granting the plea in abatement found that the church forfeited its corporate charter in 1983 and granted the abatement until the church cured its incapacity. We hold the trial court did not abuse its discretion in granting the plea in abatement.[29] We overrule the church's first issue.

### B. Motion to Dismiss

By its second issue, the church contends the trial court abused its discretion in granting the motion to dismiss. Although the church acknowledges that the trial court's order abated the case to give the church an opportunity to cure its incapacity, the church argues it "cannot revive its corporation status when it has not operated as a corporation."

In response, Guideone asserts that after the February 16, 2007 hearing on the plea

---

[28] *See id.*

[29] *See id.*

in abatement, the church "did nothing whatsoever to cure its charter forfeiture to bring itself into compliance with the requirements of the Texas Tax Code."

We first note that the record on appeal does not include the record of the July 26, 2007 dismissal hearing. Generally, in the absence of a reporter's record, it must be presumed that sufficient evidence was introduced to support the judgment of the court.[30] Also, the burden is on a party appealing from a trial court's judgment to show that the judgment is erroneous in order to obtain a reversal.[31] In the absence of a reporter's record from the dismissal hearing, we must presume that sufficient evidence was introduced to support the judgment of the court.[32]

Moreover, we note that section 171.251 of the tax code provides that, if a corporation does not pay its corporate franchise tax, its corporate privileges are forfeited.[33] Under section 171.252, if a corporation's corporate privileges are forfeited, the corporation is denied the right to sue or defend in a court of this state.[34] However, a corporation can be reinstated by filing the appropriate paperwork and paying any delinquent tax, penalty, or interest.[35]

---

[30] *Murray v. Devco, Ltd.*, 731 S.W.2d 555, 557 (Tex. 1987).

[31] *Id.*

[32] *See id.*

[33] *See* TEX. TAX CODE ANN. § 171.251; *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 838-39 (Tex. App.–Houston [1st Dist.] 1999, no pet.).

[34] *See* TEX. TAX CODE ANN. § 171.252.

[35] *See id.* §§ 171.312-171.313 (Vernon 2008); *Odessa Tex. Sheriff's Posse, Inc. v. Ector County*, 215 S.W.3d 458, 468 (Tex. App.–Eastland 2006, pet. denied); *Hinkle v. Adams*, 74 S.W.3d 189, 193 (Tex. App.–Texarkana 2002, no pet.); *Lighthouse Church of Cloverleaf v. Tex. Bank*, 889 S.W.2d 595, 600 (Tex. App.–Houston [14th Dist.] 1994, writ denied) ("a corporation which has forfeited it[s] corporate charter for

As Guideone notes, at the July 26, 2007 hearing on the church's motion to lift the abatement and Guideone's motion to dismiss, the church had not cured its incapacity. We hold the trial court did not abuse its discretion in granting Guideone's motion to dismiss for want of prosecution.[36] We overrule the church's second issue.

## C. Judgment on the Merits

By its third issue, the church contends the trial court erred because the order granting the motion to dismiss renders a judgment on the merits. We agree.

The trial court's judgment states, in pertinent part:

IT IS THEREFORE, ORDERED that this cause be, and is hereby, dismissed in its entirety, with costs of court adjudged in favor of Defendants.

All relief not expressly granted herein is denied.

A dismissal for want of prosecution is not intended to be an adjudication of the merits of the case or the rights of the parties; it merely returns the parties to the position that they were in before suit was filed.[37] In rendering judgment dismissing a lawsuit for want of prosecution, a trial court must refrain from rendering judgment on the merits of the lawsuit.[38] If the order dismissing for want of prosecution purports to make any disposition on the merits, it is error.[39] Accordingly, we hold that the inclusion of the Mother Hubbard

---

failing to pay franchise taxes is never truly dead, but may be resurrected by paying the delinquent taxes").

[36] *See In re R.C.R.*, 230 S.W.3d at 426; *WMC Mortgage Corp.*, 200 S.W.3d at 752.

[37] *See, e.g.*, *Garcia-Marroquin v. Nueces County Bail Bond Bd.*, 1 S.W.3d 366, 379 n.8 (Tex. App.–Corpus Christi 1999, no pet.); *Alvarado v. Magic Valley Elec. Co-op, Inc.,* 784 S.W.2d 729, 733 (Tex. App.–San Antonio 1990, writ denied).

[38] *Alvarado,* 784 S.W.2d at 733.

[39] *Garcia-Marroquin*, 1 S.W.3d at 379 n.8.

clause and the allocation of costs in the instant case was error.[40] We sustain the church's third issue and modify the trial court's judgment to delete the allocation of costs in favor of Guideone and the phrase, "All relief not expressly granted herein is denied."[41]

## IV. Conclusion

We modify the trial court's judgment to delete (1) the allocation of costs in Guideone's favor and (2) the phrase, "All relief not expressly granted herein is denied." We affirm the judgment as modified.[42]

LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and filed this
the 31st day of March, 2009.

---

[40] *See id.*

[41] *See* TEX. R. APP. P. 43.2(b).

[42] We also note that the dismissal is without prejudice. *See Attorney Gen. v. Rideaux*, 838 S.W.2d 340, 342 (Tex. App.–Houston [1st Dist.] 1992, no writ).